UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAIWAN PRATER,

        Petitioner,         Case No. 1:24-cv-10346

v.        Honorable Thomas L. Ludington
        United States District Judge

BARBRA STOREY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
A WRIT OF HABEAS CORPUS**

Currently before the Court is Petitioner Taiwan Prater's Petition for a Writ of Habeas Corpus, alleging errors in his state-court criminal sexual conduct conviction and sentence. But, as explained below, the Petition lacks merit on its face. So it will be summarily dismissed. Because reasonable jurists would not debate this dismissal, Petitioner will be denied a certificate of appealability. And because an appeal would not be taken in good faith, Petitioner will be denied leave to appeal *in forma pauperis.*

I.

After a 2021 jury trial in state court, Petitioner Taiwan Prater was convicted of one count of first-degree criminal sexual conduct (CSC-1). *People v. Prater*, No. 357546, 2022 WL 16703944, at *1 (Mich. Ct. App. Nov. 3, 2022). The following facts, as articulated by the Michigan Court of Appeals, are presumed correct on habeas review. *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

> [Petitioner's] conviction related to his sexual penetration of EC, his wife's younger sister, in their family residence in Mt. Clemens in or around 2013. At

trial, the prosecution presented evidence that [Petitioner], then 38 years old, began engaging in sexual acts with EC when she was 12 years old, after EC moved into their family residence. EC, age 19 at the time of trial, testified that during the first incident, [Petitioner] approached her as she was sleeping in the living room, inappropriately touched her, and ultimately rubbed his penis between the lips of her vagina. EC disclosed the incident to her sister the next day, believing that she would intervene and the conduct would stop. [Petitioner], however, continued to engage in sex acts with EC, including penile-vaginal penetration on multiple occasions. EC also disclosed the assaults to her brother AC. AC testified that when [Petitioner] was intoxicated, he admitted to engaging sexually with EC. Yet, AC did not take further action because [Petitioner] was assaultive to and threatened him. [Petitioner]'s sexual assaults continued until EC eventually moved out of the residence. In 2017, EC's foster mother reported the criminal sex acts to the police after EC disclosed the incidents. EC initially recanted, but the following year, she disclosed. Although the prosecution presented other evidence, EC's testimony was the only direct evidence of the crime.

At trial, the prosecution also presented evidence that [Petitioner] was previously convicted of CSC-I in 1996, when [he], then 22 years old, sexually assaulted another 12-year-old girl, TM. TM, age 38 at the time of trial, testified that [Petitioner] broke into her home in Detroit and "raped" her. Specifically, she testified that after walking past [Petitioner] earlier that day, she returned home before nightfall, went to sleep, and woke with [Petitioner] standing next to her bed. [Petitioner], who had a gun in his hand, led her to the living room, where he penetrated TM's vagina with his penis. A witness then entered the home and [Petitioner] fled. TM subsequently identified [Petitioner] in a lineup and he was convicted.

Prior to trial, the court ruled on the admissibility of TM's testimony. The prosecution filed notice of its intent to admit other-acts evidence, and the defense filed an objection. Like here, [Petitioner] argued that the 1996 conduct was excludable under MRE 403 due to the risk of unfair prejudice, dissimilarity between the 1996 conduct and this case, and the temporal gap between the two cases. [Petitioner] also argued that the 1996 case involved the commission of other crimes, specifically, home invasion, but the focus of his argument was the temporal gap. The trial court held a hearing, took the matter under advisement, and issued a written opinion and order. In it, the trial court held that the 1996 acts were admissible and did not violate MRE 403. When instructing the jury, the trial court provided a limiting instruction regarding the jury's consideration of the other acts evidence.

The defense theory at trial was that EC's testimony was inconsistent and not credible, and there was no corroborating physical evidence or eyewitnesses. The defense called a psychologist to testify about the reliability of EC's forensic interview disclosing the sexual abuse based on the interviewer's questioning.

Pursuant to statute, the trial court sentenced [Petitioner] to the mandatory sentence of life without the possibility of parole. The sentencing hearing spanned three days due to two adjournments. At the final hearing, the trial court declined to rule on the prosecutor's request to increase the scoring of Offense Variable (OV) 13 because it would be sentencing [Petitioner] to mandatory life imprisonment. But, at the first sentencing hearing, the court resolved [Petitioner]'s challenge to the 10-point score for prior record variable (PRV) 7, and [Petitioner] never renewed any challenge to the scoring of PRV 7 at the two subsequent hearings. At the first hearing, the defense argued that the court should score PRV 7 at zero. The prosecution argued that it was correctly scored at 10:

> [The prosecutor]: Judge, the—I believe that Probation has scored that accurately. Our dates of offense were from 2013 through 2015. In 2016 [Petitioner] was convicted of a fleeing and [eluding] along with three other misdemeanors so that felony should be scored. The instructions on these sentencing guidelines under PRV 7 indicate[ ] the appropriate value under PRV 7 should be assessed if the offender was convicted of multiple felony counts, which he was not, or was convicted of a felony after the sentencing offense was committed. So it's our opinion it was committed between 2013 and '15, this conviction comes after that, I think ten points is accurate.
>
> * * *
>
> The court: Do you have—that seems like clear and unambiguous language so I'm listening to your argument. It says from the felony after the sentencing offense was committed, which [the prosecutor] says between 13 and 15 and then subsequent to the one in '13 your client pick[ed] up another offense. Is that true and is that an accurate reading of the statute?
>
> [Defense counsel]: Judge, under that set—under that interpretation that would be accurate.
>
> The court: All right. Well, I mean, I'm not offered any other interpretation and that language seems fair to me, and I don't have any case law telling me that there's anything contrary, [defense counsel], so I have to overrule your objection and PRV 7 is scored appropriately at ten. All right.
>
> [Defense counsel]: Judge, I have no—
>
> The court: Counsel, as to the—what's that?
>
> [Defense counsel]: I apologize. I just wanted the Court to know I have no other challenges to the calculations, Judge[.]

> At the end of the third day of sentencing, pursuant to MCL 750.520b(1)(a) and (2)(c), the court sentenced [Petitioner] to life without the possibility of parole.

*People v. Prater*, No. 357546, 2022 WL 16703944, at *1–2 (Mich. Ct. App. Nov. 3, 2022).

Petitioner directly appealed his conviction and sentence on two grounds: (1) the trial court erred in allowing the Government to present evidence that he previously sexually assaulted 12-year-old TM in 1996 under Michigan Rule of Evidence 403; and (2) the trial court refused to consider his challenge to the accuracy of the scoring of his sentencing guidelines. *See id.* at *3–5. The Michigan Court of Appeals rejected both claims and affirmed his conviction and sentence. *Id.* at *6. And the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Prater*, 988 N.W.2d 778, 779 (Mich. 2023). On February 9, 2024, Petitioner filed a timely, *pro se* habeas petition in this Court. ECF No. 1.

## II.

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).

Indeed, the Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore must screen habeas petitions for

frivolity. *Id*. at 141. No response "is necessary when [a] petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without need for consideration of a response." *Id*.; *see also* 28 U.S.C. § 2243.

### III.

Petitioner presents two grounds for federal habeas relief. First, he argues the trial court abused its discretion in admitting "other-acts evidence"—namely, his 1996 CSC-1 conviction for assaulting 12-year-old TM. ECF No. 1 at PageID.5. Second, he broadly argues that he is "entitled to resentencing" because his "life without parole" sentence "is not harmless." *Id.* at PageID.7. Both claims facially lack merit, as explained in turn below.

### A. Other Acts Evidence

In his first claim, Petitioner contends that the state trial court erroneously admitted evidence of his 1996 sexual assault conviction. *Id.* at PageID.5. Specifically, Petitioner argues the conviction was more prejudicial than probative under the Michigan Rule of Evidence 403, in particular because there was a "16 year-gap" between this conviction and his instant CSC-1 trial. *Id*. But the Michigan Court of Appeals rejected this argument, concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *Prater*, 2022 WL 16703944, at *3-4.

On its face, Petitioner's state-law evidentiary claim does not entitle him to habeas relief. The question of whether the trial court properly admitted evidence of the prior sexual assault is purely an issue of state law and is not cognizable in habeas proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *accord Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus

proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994) (citing *Logan v. Marshall*, 680 F.2d 1121, 1123 (6th Cir. 1982)). A state-court evidentiary ruling cannot rise to the level of a due process violation unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Here, Petitioner's argument that a state court unreasonably applied Rule 403's balancing test is not cognizable on federal habeas review because it asks the Court to evaluate the state court's application of a state evidentiary rule. *Id*. The appraisal of the probative and prejudicial value of evidence involves a question of state evidentiary law and is left to the sound discretion of state trial court judges. *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001). And a federal habeas court will not overturn a state court's determination that evidence is more probative than prejudicial. *See id*. Nor does a state court's decision to admit relevant other-acts evidence under state evidentiary rules raise a constitutional issue under established Supreme Court law. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.").

Accordingly, Petitioner's first claim does not state a cognizable basis for habeas relief.

### B. Resentencing

The same result for Petitioner's second claim. In his second claim, Petitioner argues that he is entitled to re-sentencing. ECF No. 1 at PageID.7. Specifically, Petitioner seemingly challenges the Michigan Court of Appeals' determination that "any error in the guidelines was

- 6 -

harmless because Petitioner's mandatory life sentence for this CSC-I conviction is not subject to the guidelines." *Prater*, 2022 WL 16703944, at *5.

But the purported error in Petitioner's sentence calculation sounds in state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Indeed, errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. June 23, 2016). "[I]n short, [P]etitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Moreover, a sentence imposed within statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Because Petitioner had a qualifying prior conviction under MICH. COMP. LAWS § 750.520b(1)(a), he was subject to a mandatory life sentence under MICH. COMP. LAWS § 750.520b(2)(c). In this way, his sentence was in the applicable statutory range for his offense. His sentence is thus insulated from habeas review absent a federal constitutional violation, which Petitioner has not alleged. *See Townsend*, 334 U.S. at 741.

Accordingly, Plaintiff's second habeas claim is, on its face, meritless.

**IV**.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

V.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: July 7, 2025                                       s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge